MEMORANDUM **
Rodriguez-Vera argues that, because Revised Code of Washington § 9.41.170 includes antique firearms in its definition of firearms, his conviction under that statute does not categorically qualify as a firearm offense for purposes of being statuto *281 rily ineligible for cancellation of removal under 8 U.S.C. § 1229(b)(1)(C) (referencing 8 U.S.C. § 1227(a)(2)). But Rodriguez-Vera failed to raise this argument before the BIA. Accordingly, Rodriguez-Vera failed to exhaust his administrative remedies, see Zara v. Ashcroft, 383 F.3d 927, 930 (9th Cir.2004) (holding that a petitioner “must specify which issues form the basis of the appeal”), and we lack jurisdiction. See 8 U.S.C. § 1252(d)(1); Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980) (holding that “if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum”).
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.